IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEON E. MORRIS,

      Plaintiff,                    No.  2:13-cv-0589 CKD P

      vs.

C. M. GREEN,

      Defendant.              <u>ORDER</u>

                                  /

        On April 4, 2013, plaintiff filed a request to have the undersigned recuse herself from this action, asserting that she is biased or prejudiced against him. (Dkt. No. 4.) The court construes this as a motion for disqualification.

        Motions for disqualification are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. See <u>Pesnell v. Arsenault</u>, 543 F.3d 1038, 1043 (9th Cir. 2008).  Under 28 U.S.C. § 144, if a party demonstrates that "the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. Similarly, 28 U.S.C. § 455 provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" and in proceedings in which "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary

facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1).

The substantive standard under these statutes "is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Pesnell, 543 F.3d at 1043. Generally, "a judge's partiality must be shown to be based on information from extrajudicial sources, although sometimes, albeit rarely, predispositions developed during the course of a trial will suffice." F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1144–45 (9th Cir. 2001) (internal quotations and citations omitted); Pesnell, 543 F.3d at 1043. Thus, judicial rulings alone – apart from surrounding comments or accompanying opinions – almost never constitute valid grounds for disqualification. See Liteky v. United States, 510 U.S. 540, 556 (1994).

Here, plaintiff's claims fail to meet the threshold for disqualification. In an earlier-filed action, undersigned found plaintiff to be a "three strikes" litigant and subsequently recommended that the action be dismissed due to plaintiff's failure to pay the filing fee. Morris v. Jennings, No. 2:12-cv-2240 GEB CKD P (E.D. Cal.), Dkt. No. 14. This recommendation was adopted by the district court. Id., Dkt. No. 16. After the action was closed, the undersigned refused to accept late-filed objections to the findings and recommendations, citing a lack of good cause. Id., Dkt. No. 18. Neither this nor any other judicial ruling in this or the earlier-filed action provides a reasonable basis for questioning the impartiality of this court.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for recusal (Dkt. No. 4) is denied; and

2. Plaintiff's motion to proceed in forma pauperis (Dkt. No. 5) is denied for the reasons set forth in the court's April 3, 2013 order.

Dated: April 10, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2morr0589.disqual