UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON E. MORRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>C. M. GREEN,<br><br>    Defendant. | No. 2:13-cv-0589 JAM CKD P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On December 3, 2013, the undersigned granted plaintiff's request to proceed in forma pauperis and ordered service on defendant Green. (ECF No. 20.) Before the court is defendant's March 13, 2014 motion to revoke plaintiff's in forma pauperis status on the ground that plaintiff is a "three strikes" inmate under 28 U.S.C. § 1915(g). (ECF No. 27.) Plaintiff has filed an opposition. (ECF No. 28.) For the reasons set forth below, the undersigned will deny defendant's motion.

I. Motion to Revoke IFP Status

28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit

1

indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In forma pauperis status may be acquired and lost during the course of litigation. Stehouwer v. Hennessey, 841 F. Supp. 316, 321 (N.D. Cal., 1994), vacated on other grounds by Olivares v. Marshall, 59 F.3d 109 (9th Cir. 1995). The plain language of the statute (§ 1915(g)) makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir.1999). 28 U.S.C. §1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination that each action reviewed (as a potential strike) is carefully evaluated to determine that it was dismissed as frivolous, malicious or for failure to state a claim. Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). Defendant has the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions . . . dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" Id., at 1120, quoting § 1915(g). Once defendants meet their initial burden, it is plaintiff's burden to explain why a prior dismissal should not count as a strike. Id. If the plaintiff fails to meet that burden, plaintiff's IFP status should be revoked under § 1915(g). Id.

In Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011), the Ninth Circuit found that "a dismissal must be final before it counts as a 'strike' for § 1915(g) purposes." Thus, "a district court's dismissal of a case does not count as a 'strike' under § 1915(g) until the litigant has exhausted or waived his opportunity to appeal. This means a dismissal ripens into a 'strike' for § 1915(g) purposes on the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ

of certiorari expired, if he did not." Id. at 1100 (internal quotation omitted).  "If a prisoner does not appeal a dismissal, the dismissal counts as a 'strike' from the date when his time to file a direct appeal expired." Id., n.6.

II. Discussion

Defendant contends in his motion that plaintiff's litigation history shows that he has at least three prior strikes.  Per defendant's request, the undersigned takes judicial notice of the following cases[1]:

A. Morris v. Duncan, No. C 02-0928 MJJ (PR) (N.D. Cal. May 3, 2002).  This action was dismissed for failure to state a cognizable claim for relief under 42 U.S.C. § 1983 and thus qualifies as a strike under § 1915(g).  (Def. Ex. A, ECF No. 27-3.)

B. Morris v. Silvers, No. C 98-01381 BTM (LAB) (S.D. Cal. Sept. 15, 1998).  This action was dismissed because the court found that, in light of plaintiff's pending state criminal proceedings, abstention was proper pursuant to Younger v. Harris, 401 U.S. 37 (1971.)  (Def. Ex. B.)  Earlier in the instant action, the district court concluded that dismissals based on Younger abstention are not to be considered strikes under § 1915(g).  (ECF No. 19 at 5-8.)  See also Morris v. Nangalama, No. 13-17058 (9th Cir. Jan. 13, 2014) (reversing district court's denials of plaintiff's motions for reconsideration of three-strikes status, because "Morris v. Silvers should not be counted as a strike.").  (ECF No. 28 at 9.)

C. Morris v. Lushia, No. C 00-55330 (9th Cir. Mar. 27, 2000) ("Lushia I").  The Ninth Circuit dismissed this appeal for lack of jurisdiction because the order challenged was neither final nor appealable.  (Def. Ex. C.)  Earlier in the instant action, the district court concluded that the dismissal of a premature appeal should not be considered a strike under §1915(g).  (ECF No. 19 at 8-10.)

D. Morris v. Lushia, No. C 00 56600 (9th Cir. March 13, 2001) ("Lushia II").  On February 20, 2001, after the district court determined that plaintiff's appeal was not filed in good

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

faith, the Ninth Circuit's "review of the record confirm[ed] that [appellant] is not entitled to ifp status for his appeal." When plaintiff failed to timely pay the filing fee, the Ninth Circuit dismissed the appeal for failure to prosecute. The Ninth Circuit denied a subsequent motion by plaintiff to reinstate the appeal "without prejudice to renewal within 21 days, accompanied by proof" that plaintiff had paid the filing fee. The docket does not indicate that plaintiff ever paid the filing fee or reinstated his motion. (Def. Ex. D.)

Ninth Circuit Rule 42–1 provides for dismissal for failure to prosecute "when an appellant fails to . . . pay the docket fee." In such cases, a district court must carefully evaluate the dismissal order to determine if the dismissal counts as a strike. See Moore v. Maricopa County Sheriff's Office, 657 F.3d 890, 895 (9th Cir. 2011); Andrews, 398 F.3d at 1121. In making the determination whether a dismissal counts as a strike, it is the substance of the dismissal which is determinative, not the styling of the dismissal. O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

28 U.S.C. § 1915(a)(3) provides that "[A]n appeal may not be taken in forma pauperis if the trial court certified in writing that it is not taken in good faith." The good faith requirement is met if the appellant seeks review of an issue that is not frivolous. Gardener v. Pogue, 558 F.2d 548, 550–51 (9th Cir. 1977); Hooker v. American Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002). If the appellate court finds the district court erred in certifying the appeal was not taken in good faith, it may set aside the certification and grant leave to proceed in forma pauperis. O'Neal, 531 F.3d at 1150.

Here, the Ninth Circuit independently concluded that plaintiff was not entitled to proceed in forma pauperis and ordered him to pay the filing fee. Pursuant to the holding in O'Neal, 531 F.3d at 1153, while this dismissal was styled as failure to prosecute, the issue underlying the dismissal is that plaintiff's appeal was frivolous. Thus, this dismissal counts as a second strike for purposes of 28 U.S.C. § 1915(g).

////

////

////

E.  Morris v. Woodford, No. C 06-15869 (March 16, 2007). After the Ninth Circuit submitted this appeal to the screening panel, the judgment was summarily affirmed.[2] (Def. Ex. E.)  In In re Thomas, 508 F.3d 1225, 1226-27 (9th Cir. 2007), the Ninth Circuit explained its "standards for disposing of cases on a summary basis":

> In United States v. Hooton, we permitted summary affirmance of a final judgment in a nonemergency situation only where 'it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument.' 693 F.2d 857, 858 (9th Cir.1982) (citations omitted).  Such summary affirmances 'should be confined to appeals obviously controlled by precedent and cases in which the insubstantiality [of the appeal] is manifest from the face of appellant's brief.'  Id.

Defendant argues that this is the same as the "frivolous" standard under 28 U.S.C. § 1915(g).  See Andrews, 398 F.3d at 1121.

However, another court in this district has declined to count an appellate court's summary affirmance as a strike, where there was "no court ruling, district or appellate" that expressly found the questions raised by plaintiff on appeal to be frivolous.  Farley v. Virga, No. 2:11-cv-1830 KJN P, 2012 WL 3070632, *3 (E.D. Cal. July 26, 2012) (findings and recommendations adopted by district court on Sept. 26, 2012).  Here, defendant has not met his burden to show this dismissal qualifies as a strike under § 1915(g).

F.  Morris v. Woodford, No. C 08-15956 (9th Cir. April 23, 2008.)  The Ninth Circuit dismissed this appeal for plaintiff's failure to pay the filing fee.  (Def. Ex. F.)  However, in the absence of any language indicating that the Ninth Circuit found the appeal frivolous or not taken in good faith, the undersigned declines to count this as a strike.

Because defendant has shown only two prior strikes by plaintiff, the court will deny the motion to revoke plaintiff's in forma pauperis status.

////

////

---

[2] The district court dismissed the underlying action "without prejudice to bringing the claims in a future action in which plaintiff pays the filing fee."  Morris v. Woodford, No. 3:05-cv-4677 MJJ (N.D. Cal. April 18, 2006).  From the PACER report of this action, it is not possible to determine whether the district court addressed the merits of the complaint.

1    Accordingly, IT IS HEREBY ORDERED THAT defendant's motion for order revoking
2 plaintiff's in forma pauperis status (ECF No. 27) is denied.
3 Dated: August 19, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

9  2 / morr0589.threestrikes.doc