UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON E. MORRIS, | No. 2:13-cv-0589 JAM CKD P |
| Plaintiff, | |
| v. | ORDER |
| C. M. GREEN, | |
| Defendant. | |

This pro se prisoner action pursuant to 42 U.S.C. § 1983 proceeds against defendant Green. Plaintiff claims that Green retaliated against him for filing inmate grievances and failed to process plaintiff's legal mail in December 2011. (ECF No. 1 at 5-6.)

Plaintiff has filed two motions "for sanctions and judicial intervention," now before the court. (ECF Nos. 36 & 37.) Defendant has opposed the motions. (ECF Nos. 43 & 41.) Both motions seek to compel defendant to produce discovery.

I. Legal Standard

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

////

With respect to requests for production, a party may propound requests for production of documents that are within the scope of Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 34(a). With respect to interrogatories, a party may propound interrogatories related to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 33(a)(2).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3) (B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012).

II. January 26, 2015 Motion

Plaintiff states that, in November 2014, he served interrogatories and requests for production of documents on defendant and defendant's attorney. (ECF No. 36 at 1.) He asserts that defendant has "not cooperated" in responding to these requests. (Id. at 2.) He asks that the court "compel compliance and impose sanctions" on defendant and defendant's attorney. (Id.)

Plaintiff does not specify which discovery responses he finds inadequate. From the attached discovery materials, it appears that he refers to Interrogatories No. 9 and 10, which ask whether Green has ever had "a CDC 602 filed against you" and how many such grievances have been filed against Green. (Id. at 10-11.) He may also refer to Interrogatory No. 11, which asks "What were the reasons 602's have been filed against you?" (Id. at 11.)

In his response to Interrogatories No. 9 and 10, defendant objected on various grounds, including overbreadth, vagueness, and irrelevance. (Id. at 10.) Defendant also objected that the requests sought personnel documents that are protected from disclosure under state law. Defendant further objected that the information was confidential and would pose a security hazard if disclosed. (Id. at 10-11.) Subject to these objections, defendant stated that plaintiff himself had submitted two 602s against defendant. (Id.) In response to Interrogatory No. 11, defendant raised similar objections and referred plaintiff to 602 grievances filed by plaintiff and contained in plaintiff's central file. (Id. at 11-12.)

In his motion, plaintiff asserts that he "has a right to know how many 602 complaints have been filed against defendant Green and what the issue of the complaint was about." (Id. at 2.) He takes issue with defendant's response that such information "jeopardizes the safety and security" of the prison or "the confidentiality of anyone, prisoner or otherwise." (Id.)

Plaintiff also refers in his motion to an "activity log" maintained by defendant and other prison staff. (ECF No. 36 at 4.) He attaches a set of requests for production of documents, one of which concerns the activity log, along with defendant's responses. However, plaintiff does not specify which response(s) he disputes or why the material sought is relevant.

In opposition to the motion, defendant argues that plaintiff's motion should be denied because plaintiff did not try to informally resolve the discovery dispute. See Fed. R. Civ. P. 37(a). (ECF No. 43 at 2.) Because plaintiff is proceeding pro se while incarcerated, the court will not deny his motion on this basis.

However, plaintiff is required to specify which discovery responses are at issue and why the information sought is relevant. See Johnson v. Sandy, No. 2:12-cv-2922 JAM AC P, 2014 WL 4631642, at *4 (E.D. Cal. Sept. 15, 2014) ("The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). The party opposing discovery *then* has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining, or supporting its objections.") (citation omitted) (emphasis added); Walker v. Karelas, No. CIV S-07-2545 MCE DAD P, 2009 WL 3075575, at*1 (E.D. Cal. Sept. 21, 2009) ("The court does not hold pro se litigants to the same standards that it holds attorneys. However, at a minimum, as the moving party, the plaintiff has the burden of informing the court which discovery responses are disputed, why the defendant's objections are not justified, and why the information he seeks through discovery is relevant to the prosecution of this action.") (citing cases).

Here, plaintiff has not specified which responses he objects to and has made no attempt to explain why the information he seeks is relevant to his claim(s). Because plaintiff has not met his initial burden for compelling discovery, the court does not reach the question of whether the records at issue are privileged and confidential, as defendant claims. Nor has plaintiff made a

3

showing that discovery sanctions are warranted. Thus the court will deny this motion.

III. <u>February 4, 2015 Motion</u>

In a similar motion filed days later, plaintiff states that defendant answered only two of the seven interrogatories he sent, and as to the remaining five "defendant skirted around or outright lied about." (ECF No. 27 at 1-2.) Plaintiff attaches discovery materials but does not identify which responses he found inadequate or why. Nor has he shown that discovery sanctions are warranted. For the reasons discussed above, the court will deny this motion also.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's January 26, 2015 motion (ECF No. 36) is denied; and

2. Plaintiff's February 4, 2015 motion (ECF No. 37) is denied.

Dated: May 6, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / morr0589.mtc2