1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LEON E. MORRIS,                          No.  2:13-cv-0589 JAM CKD P

12              Plaintiff,

13        v.                                  FINDINGS AND RECOMMENDATIONS

14   C. M. GREEN,

15              Defendant.

16

17

18   I.  Introduction

19        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action pursuant to 42

20   U.S.C. § 1983.  This action proceeds against defendant Green on the complaint filed March 26,

21   2013, in which plaintiff claims defendant retaliated against him for filing a staff complaint. (ECF

22   No. 1 ("Compl.").)  Before the court is defendant's motion for summary judgment on the ground

23   that plaintiff has failed to exhaust administrative remedies.[1]  (ECF No. 58.)  Plaintiff has filed an

24   opposition, and defendant has filed a reply.  (ECF Nos. 63 & 64.)  For the reasons set forth below,

25   the undersigned will recommend that defendant's motion be granted in part and denied in part.

26   _____

27   [1] Plaintiff's motion for summary judgment on the merits (ECF No. 54) is stayed pending
     resolution of the instant motion.  (ECF No. 56.)

28

                                                1

II. Legal Standards

A. Summary Judgment

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials. . ." Fed. R. Civ. P. 56(c)(1)(A).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587.

In a summary judgment motion for failure to exhaust administrative remedies, the defendants have the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino, 747 F.3d at 1172. If the defendants carry that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. The ultimate burden of proof remains with defendants, however. Id. "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id. at 1166.

B. Exhaustion Requirement

Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a) (also known as

1   the Prison Litigation Reform Act ("PLRA")).  A prisoner must exhaust his administrative

2   remedies before he commences suit.  McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir.

3   2002).  Failure to comply with the PLRA's exhaustion requirement is an affirmative defense that

4   must be raised and proved by the defendant.  Jones v. Bock, 549 U.S. 199, 216 (2007).  In the

5   Ninth Circuit, a defendant may raise the issue of administrative exhaustion in either (1) a motion

6   to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of

7   the complaint, or (2) a motion for summary judgment.  Albino v. Baca, 747 F.3d 1162, 1169 (9th

8   Cir. 2014) (en banc).

9       An untimely or otherwise procedurally defective appeal will not satisfy the exhaustion

10  requirement.  Woodford v. Ngo, 548 U.S. 81, 84 (2006).  When an inmate's administrative

11  grievance is improperly rejected on procedural grounds, however, exhaustion may be excused as

12  "effectively unavailable."  Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010); see also Nunez v.

13  Duncan, 591 F.3d 1217, 1224–26 (9th Cir. 2010) (warden's mistake rendered prisoner's

14  administrative remedies "effectively unavailable"); Ward v. Chavez, 678 F.3d 1042, 1045 (9th

15  Cir. 2012) (exhaustion excused where futile); Brown v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005)

16  (plaintiff not required to proceed to third level where appeal granted at second level and no

17  further relief was available).

18  III.  Facts

19  A.  Allegations

20      In the complaint, plaintiff alleges:

21      Defendant Green was a prison guard at California State Prison-Sacramento.  (Compl. at

22  3.)  Beginning in November 2010, defendant and others "retaliated against me for filing 602 staff

23  complaints and writing the warden about the various wrongs they subjected me to."  (Id. at 4.)

24              In November 2010, . . . guard C.M. Green came to the cage I was
             kept in and started shouting [at] me, ranting and cussing me up one
25           side and down the other about a 602 staff complaint I'd filed
             against him.  Telling me I'd be sorry and regret; saying he don't
26           appreciate it.  Immediately thereafter, him and his nefarious cohort
             started a relentless never-ending campaign of retaliation against me.
27

28  (Id. at 5.)

3

On December 28, 2011, plaintiff put legal documents inside an envelope to be mailed to the Loyola Law School Innocence Project.  (Id.)  He addressed the envelope and handed it to defendant Green to mail.  (Id.)  Plaintiff later saw the envelope sitting on defendant's desk and reminded him to mail it, "cause it's very important and the last copy of everything I've got and I'm trying to prove my innocence[.]"  (Id.)  Defendant told him he would take it to the mailroom. (Id. at 5-6.)  Plaintiff later learned that the Innocence Project did not receive his documents.  (Id. at 6.)

On January 9, 2012, plaintiff was sent to another facility.  (Id. at 6.)  Defendant told plaintiff he would take care of plaintiff's personal property (consisting of religious books, a knee brace, and a back brace), but when plaintiff returned, it was not in the property room, and defendant did not respond to his inquiry.  (Id.)  Plaintiff filed a 602 staff complaint.  (Id.)

B. Administrative Appeals

At all times relevant to the complaint, plaintiff was incarcerated at CSP-Sac.  (Defendant's Separate Statement of Undisputed Material Facts ("DUF") 2.)  CSP-Sac has an inmate grievance process for non-medical inmate appeals.  (DUF 4.)  The grievance process contains three levels of review; an inmate's appeal must proceed through the third level of review in order to conclude the inmate grievance process. (DUF 5.)

Of the numerous 602 appeals submitted by plaintiff while incarcerated at CSP-Sac (DUF 29, 30), the following are relevant:

1. Appeal No. SAC-P-10-1537

Plaintiff submitted this appeal on November 27, 2010, stating that defendant began shouting and cursing at him "about a 602 I recently filed."  (Burnett Decl., Ex. B, ECF No. 58-4 at 20.)  On December 25, 2010, plaintiff withdrew the appeal.  (Id. at 21.)

In opposition to the motion, plaintiff asserts that this appeal "has absolutely no bearing on this complaint."  (ECF No. 63 at 2.)  "This complaint revolves around the events of December 2011 and January 2012.  Absolutely nothing else is a part of this action."  (Id. at 5.)

2. Appeal No. SAC-P-12-01146

Plaintiff submitted this appeal on April 21, 2012, stating that in December 2011, he gave

4

1  defendant an envelope of legal documents to mail to the Innocence Project; however, according to

2  the mail log, it was not mailed.  (Burnett Decl., Ex. I, ECF No. 58-4 at 67-69.)  Plaintiff requested

3  the following action: "To know what he did with the legal mail I gave him to mail and my legal

4  documents and envelope returned to me, so I can get them to the Innocence Project."  (Id. at 69.)

5         On April 24, 2012, plaintiff's appeal was initially screened out at the first level for

6  missing necessary supporting documents.  (Id. at 78.)

7         On June 27, 2012, a first level decision was issued, denying the appeal.  (Id. at 79-80.)

8  Plaintiff submitted it to the second level.

9         On August 8, 2012, a second level decision was issued, partially granting the appeal.  (Id.

10  at 81-82.)  The second level reviewer stated that defendant Green did not recall receiving

11  plaintiff's legal mail, and that a search of the mailroom failed to locate plaintiff's mail, but that "if

12  your mail is found it will be returned to you."  (Id.)  Plaintiff did not pursue this appeal at the

13  third level.

14         In opposition to the motion, plaintiff contends that this appeal was exhausted at the second

15  level, thus there was no need to go to the third level.  (ECF No. 63 at 2.)

16         3.  Appeal No. SAC-P-12-0193

17         Plaintiff submitted this appeal on June 4, 2012, requesting the return of his religious

18  books, back brace, and knee brace.  He stated that defendant Green had kept and destroyed his

19  property in retaliation for plaintiff's filing of 602 complaints against him.  (Burnett Decl., Ex. K,

20  ECF No. 58-4 at 93-95.)

21         On June 26, 2012, this appeal was cancelled at the first level of review for untimeliness.[2]

22  (Id. at 97.)  Plaintiff wrote a response on the letter of cancellation, but did not appeal the decision.

23  (Id.; Burnett Decl., ¶ 15.)

24         In opposition to the motion, plaintiff contends that this appeal was wrongfully cancelled.

25  (ECF No. 63 at 2.)

26  ////

27  _____

28  [2] Since January 28, 2011, an inmate must file his administrative appeal at the first level within thirty calendar days after an alleged incident.  Cal. Code Regs. Tit. 15 § 3084.8(b).

1      4. <u>Other Appeals</u>

2      In these related appeals, plaintiff did not mention defendant Green[3]:

3      In appeal No. SAC-P-12-01511, submitted on May 19, 2012, plaintiff requested that his

4 religious books, back brace, and knee brace be returned to him.  (DUF 20.)  The appeal was

5 screened out for failing to attach necessary supporting documents.  (DUF 22.)  On August 13,

6 2012, the first level reviewer granted plaintiff's appeal, stating that plaintiff's items were not

7 located, but he would receive replacement books or something similar in value.  (Burnett Decl.,

8 Ex. J, ECF No. 58-4 at 91.)  Plaintiff did not pursue the appeal at a higher level.  (DUF 23.)

9      In appeal No. SAC-HC-12026642, submitted on July 28, 2012, plaintiff stated that he

10 gave the recreational legal therapist legal documents to be mailed on December 28, 2011, but they

11 were never mailed.  (DUF 25.)  The appeal was initially screened out for failing to attach the

12 necessary supporting documents, but subsequently accepted at the first level of review.  (<u>Id.</u>)  On

13 September 11, 2012, the first level reviewer denied the appeal because plaintiff's requested relief

14 concerned the handling of his documents in the future.  (Burnett Decl., Ex. L, ECF No. 58-4 at

15 102.)  The reviewer, B. Twibell, was the recreational therapist who was the subject of the appeal.

16 (<u>Id.</u>)  Twibell stated that she had passed plaintiff's mail along to defendant Green to be mailed

17 out, but did not know where the documents were currently.  (<u>Id.</u>)  It does not appear that plaintiff

18 pursued this appeal further.  Moreover, plaintiff asserts that this appeal was against Twibell, "who

19 is not a part of the lawsuit."  (ECF No. 63 at 7.)

20 IV.  <u>Analysis</u>

21      As to the first and third appeals listed above (No. SAC-P-10-1537 and No. SAC-P-12-

22 0193), defendant has met his initial burden to prove "that there was an available administrative

23 remedy, and that the prisoner did not exhaust that available remedy" as to the events giving rise to

24 this action.  <u>Albino</u>, 747 F.3d at 1172.  Plaintiff has not shown that exhaustion of these appeals

25 was "effectively unavailable" to him; he simply did not pursue them beyond the first level.  <u>See</u>

26 <u>id.</u>  (Moreover, he that claims that the first appeal is irrelevant to this action.)  Thus neither of

27

28 [3] <u>See</u> Cal. Code Regs. Tit. 15, § 3084.2(a)(3) (602 appeal must describe "the specific issue under
appeal" and list or identify all staff members involved).

1   these appeals serve to exhaust plaintiff's claims.

2        As to the second appeal (No. SAC-P-12-01146) concerning plaintiff's legal mail, plaintiff

3   argues that because there was no further relief available at the third level, he exhausted his

4   remedies at the second level. In the Ninth Circuit, "a prisoner need not press on to exhaust

5   further levels of review once he has either received all 'available' remedies at an intermediate

6   level of review or been reliably informed by an administrator that no remedies are available."

7   Brown, 422 F.3d at 935. "Once an agency has granted some relief and explained that no other

8   relief is available, 'the administrative process has not been obstructed. It has been exhausted[.]'"

9   Id. at 936 (quoting Jasch v. Potter, 302 F.3d 1092, 1096 (9th Cir. 2002)). "[A] defendant must

10   demonstrate that pertinent relief remained available, whether at unexhausted levels of the

11   grievance process or through awaiting the results of relief already granted as a result of that

12   process." Id. at 936–37. See, e.g., Branch v. Umphenour, 2015 WL 5178374, **4-5 (E.D. Cal.

13   Sept. 4, 2015).

14        Here, the second level reviewer stated that defendant did not recall receiving plaintiff's

15   legal mail on December 28, 2011; that a search of the mailroom had not turned up plaintiff's

16   envelope addressed to the Innocence Project; that if it was found, it would be returned to plaintiff;

17   and that an investigation had determined that defendant had acted in accordance with state law

18   and regulations. The reviewer did not direct plaintiff to file a third level appeal, or seek any other

19   remedy, if he was dissatisfied with the decision. Having reviewed the record, the undersigned

20   concludes that defendant has not shown that additional process was available to plaintiff as to this

21   appeal.

22        Finally, the May 2012 appeal concerning plaintiff's lost property (No. SAC-P-12-01511)

23   cannot be said to exhaust remedies for a retaliation claim against defendant, as it neither identifies

24   defendant nor alleges retaliation. Although plaintiff subsequently filed an appeal doing both (No.

25   SAC-P-12-0193, discussed above), he neither received all available relief nor pursued it through

26   all three levels. Thus, insofar as plaintiff asserts a claim concerning defendant's handling of his

27   personal property in January 2012, this claim is unexhausted.

28   ////

1    Based on the foregoing, the undersigned will recommend that defendant's motion for

2   summary judgment be denied as to the claim that defendant retaliated against plaintiff by not

3   sending his legal mail in December 2011, and otherwise granted.

4    Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion for summary

5   judgment (ECF No. 58) be granted and denied in part as follows:

6    1.  Denied as to plaintiff's claim that defendant retaliated against him by not sending his

7   legal mail in December 2011; and

8    2.  Granted as to any remaining claims.

9    These findings and recommendations are submitted to the United States District Judge

10   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

11   after being served with these findings and recommendations, any party may file written

12   objections with the court and serve a copy on all parties.  Such a document should be captioned

13   "Objections to Magistrate Judge's Findings and Recommendations."  The parties are

14   advised that failure to file objections within the specified time may waive the right to appeal the

15   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16   Dated:  September 17, 2015

17   _____
     CAROLYN K. DELANEY

18   UNITED STATES MAGISTRATE JUDGE

19

20

21   2 / morr0589.sj_ex

22

23

24

25

26

27

28

8